EUGENE CULLEN, an Infant, by Guardian, etc., Respondent, *v.* NATIONAL SHEET METAL ROOFING COMPANY, Appellant.

Plaintiff was in the employ of defendant, engaged in working a press used in stamping tin plates for roofing. The press had two dies, between which the plates were placed. While so engaged plaintiff's hand was caught and crushed between the dies. In an action to recover damages for the injury plaintiff claimed, and his evidence tended to show, that the press was out of repair, so that the clutch, which was designed to hold the upper die in place until the operative by the pressure of his foot on a treadle released it and let it down upon the tin plate on the lower die, would occasionally fly out of position letting the die down without pressure on the treadle, and that this happened at the time of the injury. It appeared by plaintiff's testimony that he had been operating this press for about a year; that three times before the accident the upper die had thus descended, the last time about an hour previous; also, that once before plaintiff's hand was caught between the dies and the thumb injured. A stick was provided for moving the plates between the dies, and a notice was posted upon the press forbidding employes " under any circumstances " from placing their hands or fingers under the press. Defendant's superintendent and foreman had both, on different occasions, reproved plaintiff for putting his fingers between the dies and warned him of the danger, but he was accustomed to disregard the rule, his excuse being that he could work faster with his fingers than with the stick. On the occasion of the accident the plate stuck to the lower die and he was using his fingers instead of the stick to remove it. *Held*, that plaintiff's negligence directly contributed to the injury, and a refusal to nonsuit was error.

(Argued March 11, 1889; decided March 26, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 13, 1888, which affirmed a judgment in favor of plaintiff, entered upon a verdict and an order denying a motion for a new trial.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

The facts, so far as material, are stated in the opinion.

*Roscoe H. Channning* for appellant. If the existence of the alleged defect, and that it was the direct cause of the accident, were conceded, still there was a total failure on the part of the plaintiff to prove the first essential element of his cause of action, to wit, the negligence of the defendant, and the complaint should have been dismissed. (*Reardon* v. *N. Y. C. C. Co.*, 51 Super. Ct. 134; *Payne* v. *Forty-second St. R. R. Co.*, 40 id. 8; *Bauler* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 356; *De Graff* v. *N. Y. C. R. R. Co.*, 76 id. 125; *Pantzar* v. *T. F. I. M. Co.*, 99 id. 318; *Rose* v. *B. & A. R. R. Co.*, 58 id. 217, 219; *Scoville* v. *Erie R. Co.*, 3 Week. Dig. 114; *Kelly* v. *C. G. Co.*, 17 id. 408; *Leonard* v. *Collins*, 70 id. 90; *Kunz* v. *Stuart*, 1 Daly, 43; *Nelson* v. *Dubois*, 11 id. 128; *McMillan* v. *S. R. R. Co.*, 20 Barb. 449; Sherman & R. on Neg. § 99; *Toomey* v. *R. R. Co.*, 3 C. B. 146.) At most, the jury could only conjecture that the defendant might have been wanting in the care and caution proper to be exercised in such a case, and, if so, the case should have been withheld from the jury. (*Avery* v. *Bowden*, 6 E. & B. 973, 974; *McMahon* v. *Leonard*, 6 H. of L. Cas. 970, 993; *Bauler* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 336.) Plaintiff's co-operative negligence preceding the accident, and irrespective of his negligence in placing his hands under the press at the happening of the accident, was, as shown by the uncontroverted evidence, an element in producing his injuries; and his complaint should have been dismissed on that ground, even if the negligence of the defendant and the existence of the alleged defect, and its having been one of the direct causes of the accident

were all beyond question. ( *Weber* v. *N. Y. C. R. R. Co.*, 58 N. Y. 455 ; *Shaw* v. *Sheldon*, 3 N. Y. State Rep. 679 ; *Gibson* v. *Erie R. Co.*, 63 N. Y. 449 ; *Prenate* v. *Union Iron Co.*, 23 Hun, 528 ; *De Graff* v. *N. Y. C. R. R. Co.*, 76 N. Y. 125 ; *Davies* v. *D. & M. R. R. Co.*, 20 Mich. 185 ; *Baker* v. *A. R. R. Co.*, 23 Alb. L. Jour. 96 ; *Ballon* v. *C. & N. W. R. R. Co.*, 26 id. 137 ; *Marsh* v. *Chickering*, 101 N. Y. 396.). The injury was caused solely by plaintiff's negligence. (*Stackus* v. *N. Y. C. R. R. Co.*, 79 N. Y. 464 ; *Borst* v. *L. S. & M. R. Co.*, 4 Hun, 346 ; 66 N. Y. 63 ; *Spooner* v. *B. C. R. R. Co.*, 54 id. 239.)    Defendant should not be adjudged liable on a mere probability that the machine was defective, but there should be in the facts shown some element of moral certainty and exclusion of reasonable doubt on that point, as well as on the point of defendant's negligence. (*Payne* v. *Forty-second St. R. R. Co.*, 40 Super. Ct. 8, 13.)

*J. W. Covert* for respondent.    The notice or printed rule was not conclusive on the question of plaintiff's negligence. (*D., etc., R. R. Co.* v. *Slattery*, L. R., 3 App. Cas. 1165 ; *Hayes* v. *B. & D. Mfg. Co.*, 41 Hun, 407.)    To justify the court in directing a verdict or granting a nonsuit in any case, upon the facts, the evidence must be undisputed, or so certain and convincing that no reasonable mind could come to any other conclusion. (*Bagley* v. *Bowe*, 105 N. Y. 171, 179 ; *Kain* v. *Smith*, 89 id. 375.)    It was the duty of the defendant to exercise due care in furnishing a suitable and safe machine for the use of the plaintiff and to keep it in repair, and its neglect of these duties was negligence. (*Cone* v. *D., L. & W. R. R. Co.*, 81 N. Y. 206 ; *Kain* v. *Smith*, 89 id. 375 ; *Pantzar* v. *Tilly Foster Co.*, 101 id. 520 ; *Stringham* v. *Stewart*, 100 id. 516 ; *Benzing* v. *Steinway*, 101 id. 547.)    The plaintiff was not guilty of contributory negligence, as a matter of law, in continuing to work upon the machine after knowledge that it was out of repair. (*Stackus* v. *N. Y. C. R. R. Co.*, 79 N. Y. 464 ; *Kain* v. *Smith*, 89 id. 375 ; *Bagley* v. *Bowe*, 105 id. 171, 179 ; *Palmer* v. *Deering*, 93 id. 7 ; *Bas-*

*sett* v. *Fish*, 75 id. 304; *Healy* v. *Ryan*, 25 Week. Dig. 23.) The court will take into consideration the youth of the injured boy; that he was directed by his foreman to continue his work until quitting time; that he (the foreman) promised then to repair the machine, and that the boy continued his work, relying upon the promise of the foreman. (*Kain* v. *Smith*, 89 N. Y. 375; *R. R. Co.* v. *Fort*, 17 Wallace, 553; *Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 521; *Mehan* v. *S., etc., R. Co.*, 73 id. 585; *Hawley* v. *N. Y. C. R. R. Co.*, 82 id. 370; *McMahon* v. *Port Henry Iron Co.*, 24 Hun, 48; *Conroy* v. *Vulcan Iron Works*, 62 Mo. 35; *Hough* v. *Railway Co.*, 100 U. S. 213.) It is no defense to the defendant that the negligence of a fellow-servant co-operated to produce the injury. The duty of the master to provide safe and suitable machinery and to keep it in proper repair is positive, and cannot be delegated. (*Cone* v. *D., L. & W. R. R. Co.*, 81 N. Y. 206; *Stringham* v. *Stewart*, 100 id. 516; *Fuller* v. *Jewett*, 80 id. 46.)

Follett, Ch. J. When the plaintiff was injured the defendant was engaged in preparing tin plates for roofing. The plates were prepared, in part, by a stamping press which had two dies, an upper and lower one, fourteen inches long and twenty inches wide. The lower die was immovable and the upper one movable, having a vertical stroke of about two inches. When the upper die was raised, for the purpose of admitting a plate, it was stopped and held in position by a clutch which was held in place by force supplied by a strong spiral spring, the action of which was controlled by the foot of the operative applied to a treadle. When the operative had placed the plate on the lower die in proper position for stamping, he pressed his foot on the treadle, compressed the spring which released the clutch and the upper die was forced by the power of steam down on the plate lying on the lower die.

At the date of the injury, April 17, 1886, the plaintiff was seventeen years of age, and had been employed by the defendant for two years, and for one year had operated this press,

and was familiar with its working and its dangers. At the date named, the fingers of the plaintiff's right hand were caught between and crushed by the dies, for which injury he seeks to recover compensation, upon the ground that the defendant negligently suffered the press to be out of repair. The only defect suggested by the evidence is that the clutch which held the upper die in suspension was not held securely in its place and would fly back, or out of position and permit the upper die to descend upon the lower one without the application of the usual force to the treadle, which defect the plaintiff asserts caused the injury. The plaintiff testified that on, at least, three occasions, before he was injured, the upper die was accidentally forced down upon the lower one without the application of force to the treadle. The first occasion ₐwas about two weeks before he was injured, and he reported the fact to the foreman who, after some examination, reported the press in good order; that the second occasion was on the day before he was injured, which he reported to the foreman, who again examined the press and reported it all right. The third occasion was about two hours before the plaintiff was injured. He again reported to the foreman that the press was out of order and he promised to fix it after the work for the day was done. The plaintiff continued to operate the press until about half past four o'clock, at which time, while engaged in trying to push from the press a plate of tin with his fingers instead of a stick, the upper die accidentally descended and crushed the fingers of his right hand. The plaintiff testified that he did not know wherein the press was out of order; and no witness was called who did know. Three witnesses were called by the defendant, who testified that they saw the press about the time of the accident and that it was not out of repair or defective. The plaintiff testified that a stick was provided for moving the plates between the dies, and that there was posted on his and all of the presses a printed notice in these words: " *Employees are forbidden, under any circumstances, to put their fingers or hands under these presses.*"

The plaintiff also testified that defendant's superintendent Cooper, and its foreman Rakestraw, had, on different occasions, reproved him for putting his fingers between the dies and warned him of the danger, and that he was accustomed to disregard the rule, and that on a former occasion one of his thumbs was injured between the dies. The only excuse given by the plaintiff for his frequent violation of the rule was that he was required to stamp thirty-five boxes of tin plates for a day's work, and that he could work faster with his fingers than with a stick, and that on the occasion of the accident the plate stuck to the lower die, which he could more readily remove with his fingers than with a stick. A co-employe testified that he and the plaintiff exchanged works two or three hours before the accident, and that the plaintiff told him to work rapidly as he wished to finish his thirty-five boxes by half past four and leave the factory. This the plaintiff did not dispute, and it is suggestive of a possible cause for the accident. According to the plaintiff's evidence, he voluntarily put his hand between the dies, in violation of the well-known printed rule and of the oral instructions of the superintendent and of the foreman, and also in the face of his personal experience of the danger of such conduct. We fail to find the slightest evidence that this act was necessary or excusable, and it was certainly not done in ignorance of the danger, if it is true that about two hours before the plaintiff was injured the upper die accidentally fell. He had been very recently warned of the danger of putting his fingers between the dies, and under such circumstances he was very negligent in not regarding the rule and the warning; and this negligence directly contributed to produce the injury complained of.

We think the trial court should have nonsuited the plaintiff upon the ground of contributory negligence. For this error the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.