■ FRED GARLICHS, Respondent, v. EMPIRE STATE BUILDING CORP., Appellant, et al., Defendants.— In an action to recover damages for personal injuries, the appeal is from a judgment entered on the verdict of a jury in favor of respondent and against appellant. Judgment reversed on the law and the facts, with costs, and complaint dismissed. Respondent is a professional window

cleaner employed by a window-cleaning concern. While washing windows in appellant's building, he injured his back trying to open a window which was stuck. Respondent testified that he used just ordinary strength when he tried to open this window. Moreover, it is undisputed that he had been instructed by appellant not to open windows which were stuck, but to notify the building maintenance office when he came upon any. Since it was not part of respondent's work to open such a window, it cannot be said that appellant failed to furnish him with a safe place to work. Nor can it be said that appellant was negligent in failing to anticipate that respondent might injure himself by using "ordinary strength" to open a window. Having voluntarily undertaken to do something which was not part of his employment and which, moreover, he had been instructed not to do, respondent may not subject appellant to liability for the injury thereby sustained (cf. *Shields* v. *New York Central & Hudson Riv. R.R. Co.*, 133 N. Y. 557; *Cullen* v. *National Sheet Metal Roofing Co.*, 114 N. Y. 45). Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.